# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | 5:06-CR-59 (HL) |
| STEVE DEASON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

On September 28, 2007, the Government filed a one hundred count superceding indictment against Defendant Steve Deason and his three Co-Defendants for, *inter alia*, conspiracy to commit wire fraud and bribery. Before the Court are a number of motions filed by Deason: a Motion for Disclosure (Doc. 49), a Motion to Unseal the Case (Doc. 50), and a Motion to Dismiss Counts 35, 39, and 40. For the reasons set out below, the Motion to Unseal the Case is denied and the Motion to Dismiss is granted. The Court reserves ruling on the Motion for Disclosure until it has conducted an in camera review of the relevant documents.

**I. Motion to Dismiss**

The Government concedes that Counts 35, 39, and 40 of the Superseding Indictment are barred by the statute of limitations. See 18 U.S.C. § 3282(a). Defendant's Motion to Dismiss these counts (Doc. 52) is therefore granted.

## II. Motion to Unseal the Case

Deason asks the Court to unseal the record in a separate case, United States v. Harper, 5:04-cr-17 (CAR). Two of the defendants in that case, Shannon and Jimmy Harper, have been cooperating with the Government in its prosecution of Deason. According to Deason, they will serve as principal witnesses against him. The Government's only objection is that the personal information in the record should continue to be sealed, e.g., dates of birth and social security numbers. Court records cannot be partially sealed, however; only entire documents can be sealed. Defendant's Motion to Unseal the Case (Doc. 50) is therefore denied due to concerns regarding the protection of private information. In order to provide Defendant with the requested information, however, the Government is ordered to produce copies of the materials in the record in United States v. Harper, 5:04-cr-17, after redacting all private personal information.

## III. Motion for Disclosure

Defendant requests copies of the Pre-Sentence Investigation Reports (PSIs) of his co-defendants and defendants in other cases. His need for this information is based on the belief that these reports will contain information that can be used to impeach these defendants if they are called to testify against him at trial. A district court has broad discretion to decide whether to order the disclosure of PSIs. United States v. Gomez, 323 F.3d 1305, 1307 (11th Cir. 2003). Courts are reluctant to release these reports to third parties because of the possibility that it would have a

chilling effect on the disclosure of information that is used in the PSIs. United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988). A court therefore must only disclose a third party's PSI when the defendant's showing of need for the information outweighs the chilling effect that the disclosure could have on the sentencing process. Gomez, 323 F.3d at 1309.

In Gomez, the United States Court of Appeals for the Eleventh Circuit hinted that the "compelling need" standard was the appropriate test for determining whether to disclose PSIs. Under this test, a court discloses a PSI only when the requesting party demonstrates a " 'compelling, particularized need for disclosure.' " Id. at 1308 (quoting United States v. Corbitt, 879 F.2d 224, 239 (11th Cir. 1989)). The compelling need must be articulated with specificity. Id. A defendant who states that he requires access to a PSI for impeaching a witness has met his burden to articulate need. Id. at 1308 & 1309 n.7.

A court should undertake an in camera review of the PSI to ensure disclosure is limited to the portions that are directly relevant to the stated need. Id. In addition, disclosure is only required when there is a reasonable likelihood that the disclosure will affect the trier of fact. United States v. Anderson, 724 F.2d 596, 598 (7th Cir. 1984).

In this case, Deason has asserted that he needs access to the PSIs so that he may impeach the witnesses against him. He has therefore articulated his need with sufficient specificity. In order to determine whether the PSI should be disclosed

3

and, if so, what portions to disclose, the Government is ordered to produce the PSIs of Jimmy and Shannon Harper[1] for in camera review. If those reports have not yet been completed, the Government must provide an estimate of when they will be completed. The Government's response is due on or before April 7, 2008.

**SO ORDERED**, this the 2nd day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch

---

[1] Deason requests PSIs of other defendants as well, but the Government only proposes to call Jimmy and Shannon Harper as witnesses against him.