IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| | : | 5:06-CR-59-HL |
| v. | : | |
| | : | |
| STEVE DEASON, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

This cause is before the Court upon Defendant Steve Deason's motion for judgment of acquittal (doc. 109) and motion for a new trial (doc. 110). The Court has given full consideration to the Defendant's motions, the complete trial transcript, and the law relevant to the issues presented.[1] For the reasons stated below, the Defendant's motions are denied.

Defendants Steve Deason and Tommie Huff were charged in Count One of the Superceding Indictment (doc. 4) with Conspiracy to Commit Wire Fraud, Mail Fraud and

---

[1] Counsel for Defendant Deason timely filed a motion for judgment of acquittal and motion for a new trial. Contained in the motions was a request for an extension of time to file briefs in support of the motions. The request for extension of time was granted (doc. 116), and an addition request for an extension of time was granted on August 6, 2008, providing until October 1 to file supporting briefs. Although not reflected on the docket report, Counsel for Defendant Deason later notified the Court that no supporting briefs would be filed.

1

Bribery. Steve Deason was also charged with four substantive counts of Bribery. After a jury trial, Steve Deason was convicted on all counts.

## I.     Motion for Judgment of Acquittal

Defendant Steve Deason now moves for a judgment of acquittal arguing that there was insufficient evidence to support his conviction. Federal Rule of Criminal Procedure 29(c) provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." On a motion for judgment of acquittal, the evidence must be viewed in light most favorable to the government in determining whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Molina, 443, F.3d 824, 828 (11th Cir. 2006). All reasonable inferences tending to support the governments case must be accepted. United States v. Barfield, 999 F.2d 1520, 1522 (11th Cir. 1993), cert denied, 522 U.S. 875 (1997).

### A.     Conspiracy

"The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement, and (3) an overt act by a conspirator in furtherance of the agreement." United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003). The government is not required to prove that each alleged conspirator know of all the details of the conspiracy; it is enough to show that a defendant knew the essential nature of the conspiracy. U.S. v. Mulherin, 710 F.2d 731, 738 (11th Cir. 1983).

Deason argues that the evidence presented fails to offer sufficient proof of a single conspiracy between Huff and Deason, and was insufficient to sustain his conviction on the four substantive counts.  Specifically, in regards to Count One, Deason argues that the jury's verdict should not survive because the government only proved, at best, a "hub-and-spoke" conspiracy.  In this type of conspiracy "the core conspirators are the hub and each group of co-conspirators form a spoke leading out from the center in different directions," U.S. v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004), but there is "no rim to connect the spokes into a single scheme." Id.  By analogy, Huff argues that the Harpers constituted the center hub, while Huff and Deason both constituted separate spokes, thus failing to form a single conspiracy.     In determining whether a jury could have found a single conspiracy, this Court considers: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of the participants.  United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir. 1997) (internal citations omitted).  "If a defendant's actions facilitated the endeavors of other co-conspirators, or *facilitated the venture as a whole* a single conspiracy is established.  It is irrelevant that the particular co-conspirator did not participate in every stage of the conspiracy." U.S. v. Moore, 525 F.3d 1033, 1042 (11th Cir. 2008) (internal citations and quotations omitted).  But when knowledge to an overall scheme is absent, a defendant cannot be said to have agreed to the conspiracy. Chandler, 388 F.3d at 806.

The evidence at trial was sufficient as to sustain the conviction as to Count One. Deason and Huff were both employees of the Robins Air Force Base ("RAFB") and were

3

provided, essentially, government issued credit cards, to order certain supplies for the RAFB.  The Harpers, who first met Deason in 1999, owned a business which provided those supplies to the RAFB.  Deason, who was a long-time friend of Huff, later introduced Huff to Shannon Harper.  Both Deason and Huff placed fraudulent orders with the Harpers in order to receive kickbacks in the form of cash and tangible items.  The fraudulent orders and fraudulent billings were carried out in the same manner by Deason and Huff.  They visited the Harpers business to pick up items individually and together.  Testimony also established that on several occasions Huff facilitated orders on behalf of Deason, for which Deason would pick up.[2]  Furthermore, in September 2002, Deason and Huff went on a hunting expedition together with Jimmy Harper, who, as the Government argued, paid for the entire trip as a bribe to ensure future business from Deason and Huff.

Viewing the evidence in light most favorable to the Government, this Court finds that there was sufficient evidence for a reasonable juror to find that the Government proved the existence of a single conspiracy beyond a reasonable doubt.

**B.     Bribery**

Under 18 U.S.C. § 201(b), a public official who "directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive accept anything of value personally. . . in return for being influenced to commit or aid in committing, or to collude in,

---

[2]     Deason owned a fishing supply store, which the evidence showed, as viewed in light most favorable to the government, benefitted from items that were fraudulently ordered.

or allow, any fraud, or make opportunity for the commission of any fraud, on the United States," maybe convicted under the statute for bribery.[3] As charged in the superceding indictment, Deason, a public official, corruptly received personal property[4], sponsorship, and a hunting trip to Mexico from APC and S&G, via the Harpers, in return for and with the intention of being influenced to commit fraud.

In regards to the bribery charge under 18 U.S.C. § 201(b), the dispute centers on whether Deason maintained the requisite intent. As described by the Supreme Court, under the statute "bribery requires intent 'to influence' an official act or 'to be influenced in an official act. . . . [i]n other words, for bribery there must be a *quid pro quo*- a specific intent to give or receive something of value *in exchange* for an official act." U.S. v. Sun-Diamond Growers of California, 526 U.S. 398, 404-05 (1999). Deason argues the evidence was insufficient to show the requisite intent, i.e., that he received the personal property, sponsorship, and hunting trip to be influenced to do business with APC. However, the receipt of the personal property, sponsorship, and hunting trip, in addition to the other evidence presented at trial, easily supports the inference that Deason received

---

[3] A "public official" is defined as any "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch or Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror." 18 U.S.C. § 201(a)(1).

[4] The personal property, as charged in Counts 36, 37 and 41, were a trolling motor, gun safe and clothing, respectively.

them with the intent of being influenced to commit, and to continue to commit, fraud on the United States.

Viewing the evidence in light most favorable to the Government, this Court finds that there was sufficient evidence for a reasonable juror to find that Deason violated 18 U.S.C. § 201.  Therefore, Defendant's motion for judgment of acquittal is **DENIED**.

**I. Motion for a New Trial**

The Court's consideration of a motion for a new trial is governed by Rule 33 of the Federal Rules of Criminal Procedure.  Under that Rule, the Court may grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33 (West 2008).  Where the motion is filed within seven days after the jury verdict is returned, "a court has very broad discretion in deciding whether there has been a miscarriage of justice."  **United States v. Schlei**, 122 F.3d 944, 990-91 (11th Cir. 1997).  Deason filed his new-trial motion on May 7—within seven days after the jury rendered its verdict.  Therefore, the Court has significant discretion to determine whether justice requires vacating the jury verdict and ordering a new trial.  The Defendant's argument in support of the Rule 33 motion is that the verdicts of guilty on all counts are contrary to the weight of the evidence.

Though not constrained by Rule 33 to view the evidence in the light most favorable to the Government, *see* **United States v. Brennan**, 326 F.3d 176, 189 (3d Cir. 2003) (citing **United States v. Lacey**, 219 F.3d 779, 783-84 (8th Cir. 2000) and **United States v. Ashworth**, 836 F.2d 260, 266 (6th Cir. 1988)), the Court nevertheless remains mindful of the importance of respecting the crucial role played by the jury in our legal system.  "A

jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." **United States v. Santos**, 20 F.3d 280, 285 (7th Cir. 1994) (citation omitted).  "A district court can order a new trial on the ground that the jury's verdict is contrary to the weight of evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." **Brennan**, 326 F.3d at 189.  For the same reasons stated above in the context of Rule 29, and after a thorough review of the evidence produced at trial, the Court finds that the jury's verdict is supported by sufficient evidence and that the Government therefore carried its burden of proving the defendants' guilt beyond a reasonable doubt.  Therefore, Defendant's motion for a new trial is **DENIED**.

**SO ORDERED**, this 10th day of November, 2008.

*s/   Hugh Lawson*

**HUGH LAWSON, Judge**

wjc